UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00573-FDW-DCK

| TY BELT, | ) |
| :-- | :-- |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| AMAZON HOME WARRANTY COMPANY, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default and Default Judgment, pursuant to Rule 55(a)–(b) of the Federal Rules of Civil Procedure, against Defendant Amazon Home Warranty Company. (Doc. No. 10). In support of his Motion, Plaintiff, who is proceeding *pro se*, references the Affidavit of Service, (Doc. No. 9), which indicates a process server personally served Defendant with the Summons and Complaint at its office on January 26, 2023. (Doc. No. 9, p. 1). The Motion is fully briefed and ripe for review.

However, because Plaintiff has failed to make clear the basis for this Court's subject matter jurisdiction over his claims, the Court reviews this issue *sua sponte* before considering whether entry of default is appropriate. For the reasons stated below, the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and as such, this case is DISMISSED.

### I. BACKGROUND

According to the Complaint, Defendant and Plaintiff entered into a contract pursuant to which Defendant would provide Plaintiff with a home warranty. (Doc. No. 1, p. 2). Plaintiff has since filed four claims with Defendant, alleging, among other things, that Defendant was required to replace the HVAC system in Plaintiff's home after it stopped working. (Id. at 4–5). Defendant

1

denied two of these claims, including the claim for the HVAC system, and Plaintiff asserts these denials were in breach of their contract. (Id. at 2–3). Due to this alleged breach, Plaintiff asserts he spent $8,000 to repair his home's HVAC system. (Id. at 4). Plaintiff now seeks recovery of $8,000 in compensatory damages from Defendant. (Id. at 12).

Additionally, Plaintiff claims Defendant's alleged wrongdoing is part of a larger pattern of misconduct, (see id. at 3–4, 7–9, 12), and he seeks $100,000 in punitive damages to "punish [Defendant's] past failures to observe the law and to promote future compliance with the law as well as to discourage others from breaking the law and violating consumers [sic] rights along the lines that these folks have," (id. at 12).[1] Thus, as a threshold question, the Court must first address whether subject matter jurisdiction exists over Plaintiff's claims against Defendant.

## II.    STANDARD OF REVIEW

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Before a court can rule on any other issue, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal quotation marks omitted). If there is doubt whether such jurisdiction exists, the court must "raise lack of subject-matter jurisdiction on its own motion," without regard to the parties' positions. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Hertz

---

[1] Plaintiff also seeks from the Court "orders to stop these sorts of scams by [Defendant]; prevent these fraudsters from perpetrating this same scam in the future; freeze their assets sufficiently to assure that victims may receive reimbursements appropriate [sic]; and take such steps to identify, and get compensation for, other similarly situated victims. . . ." (Id.).

Corp. v. Friend, 559 U.S. 77, 94 (2010) (noting federal courts are independently obligated to determine whether subject matter jurisdiction exists, "even when no party challenges it"); Mansfield, Coldwater & Lake Mich. Ry. v. Swan, 111 U.S. 379, 382 (1884).  Thus, it is well-settled that lack of subject matter jurisdiction may be raised at any time by a litigant or the court *sua sponte*.  See, e.g., id. at 384.  Finally, "[n]o party can waive the defect, or consent to [subject matter] jurisdiction.  No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own."  Wis. Dept. of Corrs. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Federal district courts retain original subject matter jurisdiction when, among other specific scenarios expressed in Title 28 of the U.S.C., either (1) the complaint raises a federal question under 28 U.S.C. § 1331 or (2) the requirements for amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332.  As the party asserting jurisdiction, the plaintiff bears the burden of proving subject matter jurisdiction.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  However, a document filed *pro se* must be "liberally construed" and "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

### III.    ANALYSIS

Here, Plaintiff has failed to specifically assert any basis for proper jurisdiction in his Complaint.  Upon careful review of the record, and even when construing the Plaintiff's *pro se* Complaint liberally, this Court lacks subject matter jurisdiction—whether federal question or diversity—over Plaintiff's claims, such that this case must be dismissed.

### A. Federal Question Subject Matter Jurisdiction

Federal question jurisdiction exists if the plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, federal district courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983).[2]

Here, the Complaint does not, on its face, present a federal question. The Complaint does not claim federal law creates the cause of action, nor does it claim a substantial question of federal law must be resolved to grant Plaintiff relief. Rather, the Complaint merely concludes, without further explanation, that "Plaintiff has established the elements sufficient to suggest and demonstrate, if true, FEDERAL AND STATE CONSUMER PROTECTION LAW VIOLATIONS (INTERSTATE COMMERCE), BREACH OF CONTRACT/COMMERCIAL AGREEMENT FOR SERVICES, AND FOR BAD FAITH INSURANCE PRACTICES (and/or Insurance Fraud by and through claims intake and processing violations." (Doc. No. 1, pp. 11–12). The Complaint does not elaborate on which federal laws or questions are implicated by Plaintiff's claims. Plaintiff's vague and unfounded assertion that his claims implicate federal law is insufficient to establish that such claims arise under any federal statute, treaty, or the United States Constitution, as required by 28 U.S.C. § 1331.[3]

---

[2] See also Adams v. Royal Park Nursing & Rehab., No. 3:20-CV-00634-RJC-DSC, 2021 WL 5238598 (W.D.N.C. Feb. 16, 2021), report and recommendation adopted, No. 3:20-CV-00634-RJC-DSC, 2021 WL 4462914 (W.D.N.C. Sept. 29, 2021), aff'd, No. 21-2278, 2023 WL 245000 (4th Cir. Jan. 18, 2023) (citation omitted) ("Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question appears on the face of a plaintiff's properly pleaded complaint.").

[3] The Court recognizes that *pro se* litigants, such as Plaintiff, cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law." Beaudett v. City of Hampton, 775 F.2d 1274, 1276 (4th Cir. 1985). However, "neither can district courts be required to conjure up and decide issues never

Because the Complaint, on its face, does not assert Plaintiff's claims arise under a federal cause of action or allege any state law cause of action implicating federal law, Plaintiff's Complaint fails to invoke federal question subject matter jurisdiction.

**B. Diversity Subject Matter Jurisdiction**

When subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), the parties' citizenship must be completely diverse—such that "no plaintiff may be a citizen of the same state as any defendant"—and "the amount in controversy must exceed $75,000, exclusive of interest and costs." Elliott v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018) (citing 28 U.S.C. § 1332(a)(1)). The party asserting subject matter jurisdiction based on diversity must prove the amount in controversy requirement by a preponderance of the evidence. L. Offs. of Michele A. Ledo, PLLC v. BellSouth Advert. & Publ'g Corp., 2008 WL 11429808, at *2 (E.D.N.C. Mar. 27, 2008).

"[I]t is well established that the amount in controversy is measured by the value of the object of the litigation," Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977), and "it must be clear from the face of the complaint" that the amount in controversy requirement is met, Lanier v. Norfolk S. Corp., 256 F. App'x 629, 631 (4th Cir. 2007). Typically, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). Generally, the allegation "is accepted if made in good faith." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled

---

fairly presented to them." Id. The Court is not obliged to expend its own resources doing the work Plaintiff is obliged to do—that is, present this Court with a valid basis for federal question subject matter jurisdiction.

to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." St. Paul Mercury Indem. Co., 303 U.S. at 289.[4] Although a *pro se* complaint is entitled to liberal construction, the Court is unable to invent potential bases for exercising subject matter jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) ("[J]urisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Finally, "federal courts are suspicious of claims filed in federal court that attempt to circumvent the amount in controversy requirements for diversity jurisdiction by seeking excessive and unrealistic punitive damages. . . ." Smith v. Am. Gen. Life & Acc. Ins. Co., 337 F.3d 888, 893 (7th Cir. 2003) (citation omitted). Therefore, "claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983); see also Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017) (stating that when determining the jurisdictional amount, "a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages" (cleaned up)). While "[p]unitive damages are included in the amount in

---

[4] Rather,

> [T]he general practice of deferring to a plaintiff's damages allegations in this context gives way if "it appears or is shown that the amount is not claimed in good faith. . . . A court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Johnson v. Nixon, No. 3:17CV1901, 2018 WL 2031900, at *2 (N.D. Tex. Apr. 13, 2018) (unpublished) (internal brackets and quotation marks omitted), recommendation adopted, 2018 WL 2017626 (N.D. Tex. May 1, 2018) (unpublished); see also Bailey v. United States Fid. & Guar. Co., No. 98-60582, 181 F.3d 96 (table), 1999 WL 346942, at *2 (5th Cir. 1999) ("The plaintiff's allegation [of the amount in controversy] will not control . . . in those instances in which it is not made in good faith. . . . Because the federal judiciary has been too timid to execute the congressional mandate in tort litigation, we have all contributed to clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts." (internal brackets, citations, and quotation marks omitted)).

Silva v. Walt Disney World, No. 1:21CV912, 2022 WL 4585811 *2 (M.D.N.C. Sept. 29, 2022), report and recommendation adopted, No. 1:21-CV-912, 2023 WL 3661349 (M.D.N.C. May 25, 2023).

6

Case 3:22-cv-00573-FDW-DCK   Document 11   Filed 06/28/23   Page 6 of 8

controversy, . . . the existence of the required amount must be supported by competent proof." Peterson v. Travelers Indem. Co., 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up). This is especially true "[w]hen a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction." See Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996) (noting that under such circumstances, the court "should scrutinize that claim closely"); see also Pyskaty, 856 F.3d at 225 (noting that "a trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction" (internal quotations omitted)). As a threshold matter, there must be competent proof showing punitive damages are permitted under the substantive law governing the plaintiff's claims. Nidy v. U.S. Bancorp Gov't Leasing & Fin., Inc. *ex rel.* Holders of COMM 2013-CCRE12 Mortg. Tr. Com. Mortg. Pass-Through Certificates, No. 19-1759, 2022 WL 2128837 *2 (4th Cir. June 14, 2022).[5]

Here, the vast majority of the sum claimed by Plaintiff as the amount in controversy is in the form of punitive damages. Of the $108,000 Plaintiff seeks, only $8,000 is for compensatory damages; the other $100,000 is for punitive damages. (Doc. No. 1, p. 12). As such, the Court must scrutinize this claim closely. See Anthony, 75 F.3d at 315. However, Plaintiff points to no substantive law permitting the award of punitive damages in this case; rather, Plaintiff merely concludes, without explanation, that this Court should award $100,000 in punitive damages "to promote future compliance with the law." (Id.). The Court therefore finds the Complaint, on its face, has failed to provide sufficient evidence to support the award of punitive damages. As such,

---

[5] Further, it is improper for a district court to use punitive damages to determine the amount in controversy when the "district court did not discuss or explain whether punitive damages are permitted under the substantive law governing [the plaintiff]'s various claims, which determines whether such damages may be included as part of the amount in controversy." Id.

when determining whether the amount in controversy requirement has been met, the Court will not consider the punitive damages Plaintiff seeks.

Excluding punitive damages, Plaintiff seeks only $8,000 in compensatory damages. (Id.). This is well below the $75,000 amount in controversy required to establish diversity jurisdiction. 28 U.S.C. § 1332(a). Since the jurisdictional amount has not been met, this Court lacks diversity subject matter jurisdiction.

For the foregoing reasons, the Court lacks subject matter jurisdiction—both federal question and diversity—over the case. Accordingly, the Court must DISMISS the case. In light of this ruling, Plaintiff's Motion for Entry of Default and Default Judgment is DENIED AS MOOT.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Complaint, (Doc. No. 1), is DISMISSED without prejudice. Such dismissal is without prejudice to Plaintiff's ability to file a new case in State court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment, (Doc. No. 10), is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: June 26, 2023

Frank D. Whitney
United States District Judge